# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, alias, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| ] | 3:23-CV-00197 |
| v. ] | |
| ] | |
| DYLAN CHRISTOPHER ADLER, ] | |
| ] | |
| ] | |
| Defendant. ] | |

___

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR STAY
___

Defendant, Dylan Christopher Adler, by and through counsel, files this Memorandum of Law contemporaneously with and in support of this Motion to Stay all proceedings in this matter and will show the Court the following:

This matter arose from claims that involved Defendant, Dylan Christopher Adler, ("Adler") and the Plaintiff, which culminated in charges of Unlawful Photography (E Felony) and Unlawful Exposure (A Misdemeanor). *See* Exhibit 1.

Defendant hired present counsel to represent him in the federal matter *sub judice* on or about October 27, 2023[1]. Defendant was indicted on November 3, 2023.

The facts of the state criminal court matter are inextricably tied to the facts of the litigation in this case regarding the matters involving Adler. One such fact is whether or not intimate pictures were made without the consent of the plaintiff in the case *at bar*.

Another fact is the impact of a conviction, or a settlement by some means other than a complete dismissal of the charges upon instant litigation.

Defendant adamantly persists in his not guilty plea and anticipates the state court will set the criminal matter for a jury trial. To continue in the instant civil ligation would subject the Defendant to the following choices:

1. Risk a negative inference from his assertion of his right to refrain from self-incrimination.

2. Risk incriminating himself.

A stay under these conditions has the full support of the United States Supreme Court. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a

---

[1] For example, the Tennessee Supreme Court held the trier of fact may draw a negative inference when a litigant in a civil case invokes the 5th Amendment right. *See Akers v. Prime Succession of Tenn., Inc.*, 387 S.W.3d 495, 506 (Tenn. 2012).

pending or anticipated criminal trial), it is within the power of the district court, *and in accord with common practice*, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-394 (2007) (emphasis added).

In addition, Defendant points to a Tennessee decision that may provide some guidance. "While parties facing parallel civil and criminal proceedings are in an unenviable position, neither the United States Constitution nor the Constitution of the State of Tennessee provides them with blanket protection from the perils of contemporaneous civil and criminal proceedings." *Bell v. Todd*, 206 S.W.3d 86, 93-94 (Tenn. Ct. App. 2005), *citing, United States v. Kordel*, 397 U.S. 1, 11 (1970)[2]. "*However, the pendency of parallel or related criminal proceedings may provide a basis for postponing the civil proceeding.*" *Bell* at 94 (emphasis added).

Defendant submits that any factual disclosures of the events that gave rise to this action and the contemporaneous criminal matter in state court will unduly prejudice him in both matters.

Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with

---

[2] The *Kordell* Court observed that a protective order may act to preserve a litigant's rights during contemporaneous civil and criminal matters. *See* Id. However, Defendant avers that a conviction in the criminal matter would negate the usefulness of a protective order, and thus place the Plaintiff in a position where he may have to dismiss the civil case in this Court.

economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014), *quoting, Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977). *See also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). *Bell v. Todd*, 206 S.W.3d 86, 93-94 (Tenn. Ct. App. 2005)

This Court can consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case:

1. the extent to which the issues in the criminal case overlap with those presented in the civil case;

2. the status of the case, including whether the defendants have been indicted;

3. the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

4. the private interests of and burden on the defendants;

5. the interests of the courts; and

6. the public interest.

*FTC,* at 627.

Defendant will review each factor:

1. The Overlap:

The author of this Memorandum did not draft the Complaint in this matter; however, Defendant avers that the facts giving rise to the Complaint are an intertwined set of events with the underlying criminal matter in state court.

2. Case Status:

It is undisputable that the defendant is indicted and pending trial.

3. Private Interests of Defendant:

Upon review of this factor in the Defendants' interests, Defendant would state that he is seeking the stay, and an order to avoid the risk of a negative inference from his assertion of his right to refrain from self-incrimination and the actual risk of self incrimination

4. Private Interests/Burden on Defendant:

The outcome of the criminal trial may be dispositive of the current suit in this Court, and thus, Defendant may well benefit from this stay.

<u>5. and 6. Factors:</u>

As to the fifth and sixth factors, the Court and the public have an interest in the speedy and efficient resolution of both civil and criminal matters. However, the initiation of a parallel criminal action requires a stay regarding timing. This Court has yet to enter a scheduling order; however, present counsel is aware that for whatever reason, the Rule 26(f) report has yet to be filed. Notwithstanding this failure, the one salient thing about the state court criminal litigation is the resolution of the underlying criminal matter may result in a faster resolution of this present lawsuit by either a conviction or a guilty plea by the Defendant. Consequently, this Court and the public will probably have a faster resolution.

**Conclusion:**

The factors in *FTC* should persuade this Court to stay the current litigation. Defendant respectfully urges the Court to do so.

Respectfully submitted,

**KELLAR, JOHNSON & PAYNE**
**An Association of Attorneys**


**/s/ Gary M. Kellar**
Gary M. Kellar, Esq., BPR# 016170
1300 Division Street, Suite 300
Nashville, Tennessee 37203
(615) 988-9850 – Telephone
(615) 988-8112 – Direct
(615) 988-9847 – Facsimile
gkellar@kellarjohnsonpayne.com


The Nesheiwat Law Group, PLLC


**/s/ Daniel Nesheiwat by Gary M. Kellar w/ express permission**
Daniel Nesheiwat, Esq., BPR #036142
1224-B Columbia Ave, Suite 110
Franklin, TN 37064
(615) 903-9888 – Telephone
(615) 903-9899 – Facsimile
daniel@neshlawgroup.com

# CERTIFICATE OF SERVICE

  I hereby certify that a true and exact copy of the foregoing has been sent via United States mail, postage prepaid, and properly addressed to:

DONOVAN K. VASEK, BPR# 034474
VASEK & ROBBINS, PLLC
103 West Main Street
Lebanon, Tennessee 37087
(615) 549-8909
dvasek@vrlawtn.com
Attorneys for Plaintiff

this 28th day of November, 2023.

                **/s/ Gary M. Kellar**
                Gary M. Kellar